CHARLES BISHOP vs. HENRY E. PARDEE AND ANOTHER.

The statute (Gen. Statutes, p. 15, Sec. 71,) provides that where a plaintiff in the superior court shall withdraw his action within the last three days of the term, without notice to the defendant, the latter may enter for costs within the first three days of the next term. Where a suit was withdrawn on the fourth day before the end of the term without notice to the defendant, and the fact did not come to his knowledge until after the close of the term, it was held that he had no remedy for the recovery of his costs.

PETITION in chancery, brought to the Superior Court in New Haven county ; demurred to and petition held insufficient by *Phelps, J.*, and motion in error by petitioner. The case is sufficiently stated in the opinion.

*L. G. Peck*, for petitioner.

f⁻ *Bronson*, for respondents.

HINMAN, C. J. The petitioner was defendant in an action brought by the respondent, Pardee, as trustee of the estate of Tilden & McNeal, insolvent debtors, and his complaint is, that at the October term of the Superior Court, in 1863, the plaintiff in that action, it then being pending in that court, in the absence of the defendant and his counsel, and without notice to them, withdrew the case, and caused the clerk of the court to enter the withdrawal on the docket ; and the withdrawal not coming to the knowledge of the defendant during the remaining four days of the term, he had no opportunity to enter for costs ; and he prays that the clerk of the court, who is also made a respondent, may be ordered to tax the legal costs in his favor up to the time of withdrawal, which he avers that the clerk refuses to do.

The grievance complained of by the petitioner is at most the loss of his right to have costs taxed in his favor in the Superior Court. But the practice has always been to allow a plaintiff in an action at law to suffer a non-suit at any time, unless by an auditor's report, or on the verdict of a jury, or a

finding of facts by the court, other and more important rights are fixed than the mere right to recover costs. And now the withdrawal of suits is regulated by statute. (See Gen. Statutes, p. 15, §§ 67, 69, 71.) A plaintiff could always withdraw and become non-suit, and the defendant might enter for costs at any time during the term. *Richards* v. *Way*, Kirby, 269. And now, by statute, if the withdrawal is within the last three days of the term the defendant has the first three days of the succeeding term to enter for his costs. If he does not enter within that time he is deemed to have waived his right to them. It is said this is a hardship, in compelling the defendant to watch the docket or run the risk of losing his costs. But he must in all cases, by this statute, have at least three full days of the session of the court in which to enter for costs ; whereas, by the practice which formerly prevailed, he would in some cases have no time allowed him, unless he was in court on the last day of each term. It appears to us, therefore, that he has now a full opportunity, by attending the court, to know whether the suits which he is defending are withdrawn. But whether so or not, he has all the time which the statute gives him, and if under some extraordinary circumstances there may be a hardship, it is not one which this court can remedy.

We discover no error in the decree of the court dismissing the petition.

In this opinion the other judges concurred.