| 48 | 301 |
| 61 | 443 |

## IRA MAIN *vs.* AMASA M. MAIN.

Where a suit is withdrawn in term time and the defendant afterwards enters for costs, which are taxed in his favor and judgment entered up for their amount against the plaintiff, the judgment is to be regarded as rendered at the time of the withdrawal and not at that of the taxing of the costs.

Where a suit is withdrawn more than three days before the end of a term the plaintiff is not bound to give notice of the withdrawal to the defendant. The defendant having entered an appearance is regarded as in court and taking notice of any action affecting the case. If he fails to enter for costs before the close of the term he has lost his right to them.

CIVIL ACTION against the defendant as surety upon a recognizance for costs; brought by appeal to the Court of Common Pleas of New London County. The following facts were found by the court:—

On the 28th day of September, 1877, one Whitford brought an action against Ira Main, the present plaintiff, returnable before a justice of the peace on October 6th, 1877. It was

adjourned to October 16th, 1877, when it was tried and judgment given for the defendant. From this judgment the plaintiff appealed, and he, as principal, and Amasa M. Main, the defendant, as surety, entered into a recognizance for one hundred dollars, conditioned that he prosecute his appeal to effect.

The case came by the appeal to the February term, 1878, of the Court of Common Pleas of New London County, when the defendant by counsel entered, and the case came by continuance to the April term, 1878. On the 29th day of this term, being the 2d day of July, 1878, the plaintiff withdrew his action, without the actual knowledge of the defendant, who learned of it between the April term and the August term, and immediately entered for costs.

A dispute arose about the amount of costs, and the matter came before the court by motion. The question came before the court several times, but the surety, Amasa M. Main, did not appear, and had no knowledge of the hearings. At a final hearing, on July 14th, 1879, the court decided the question, and the following entry was made upon the file: "Costs taxed for the defendant, July 14th, 1879, as of July 2d, 1878. Delay found not to be due to laches of defendant." Execution was issued July 15th, 1879, and demand made upon the principal and surety.

The last day of the term was July 8th, 1878. The case did not appear upon the docket after this date, and no continuance was had, nor was it brought forward.

The present suit was brought January 18th, 1880, before a justice of the peace, returnable on January 26th, 1880, when the case was tried, and a judgment rendered for the plaintiff, from which the defendant appealed to the Court of Common Pleas of New London County. The case came, by continuance, to the April term, 1880, when it was tried, and judgment rendered for the plaintiff.

The court finds that the delay in taxing the costs, between the date of the withdrawal and July 14th, 1879, was not due to the laches of the defendant in that suit.

The hearing was to determine the amount of the costs in

controversy, and not the right of the defendant to costs. The costs were taxed to July 2d, 1878.

The defendant claimed first, that from these facts, as matter of law, the date of the withdrawal was the date of the judgment, and that hence the present suit was not brought within one year after final judgment; second, that if the proceeding in taxing costs, had on July 14th, 1879, was a final judgment, still it must be, and was, a judgment *nunc pro tunc*, and had legal relation to July 2d, 1878, and that hence this suit was not brought within one year after final judgment.

The court (*Mather, J.,*) overruled these claims and decided that final judgment, within the meaning of the statute, was rendered July 14th, 1879, and gave judgment for the plaintiff to recover the sum of one hundred dollars, with his costs.

The defendant brought the record before this court by a motion in error.

*L. Brown* and *D. G. Perkins*, for the plaintiff in error.

1   This action by statute could be brought only within one year after final judgment. Gen. Statutes, p. 495. The limitation begins to run at "final judgment;" the only meaning that can be attached to the words of the statute is that found in the definition always given by the courts. Under this strict legal construction the year must be computed from July 2d, 1878, the date of final judgment, and not from July 14th, 1879, the date of the taxing of costs. There could not be a judgment *nunc pro tunc*, since there was nothing to give it relation to July 2d, 1878.

2.   If, however, a judgment was rendered July 14th, it must be a judgment *nunc pro tunc*, as of July 2d, for no other judgment could be rendered. Such a judgment is in all respects a judgment on the former date except the date of the mere act of the court; it is to all intents and purposes a judgment of the first date. The date of the judgment is therefore to be considered in this case as July 2d, 1878. *Brown* v. *Wheeler*, 18 Conn., 199; *Kelley* v. *Riley*, 106 Mass., 339; *Tapley* v. *Martin*, 116 id., 275; *Hackett* v. *Pickering*,

5 N. Hamp., 24; *Haynes* v. *Thom*, 28 id., 399; *Smith* v. *Clay*, 3 Bro., 640, note.

3. If an entry for costs was necessary to entitle the defendant to them, then he never acquired this right, since he made no legal entry, for he entered in vacation, and the judgment should be reversed for this manifest error. *Bishop* v. *Pardee*, 35 Conn., 4.

*S. Lucas* and *G. C. Ripley*, for the defendant in error.

The defendant in the court below relied on the statute of limitations, the part of which applicable to this case is as follows:—"No civil action shall be brought against any surety on any bond for costs only or recognizance for costs given in any civil action, or on the appeal of any civil cause, or bail bond, except within one year after final judgment has been rendered in the suit in which said bond or recognizance was given." Gen. Statutes, p. 495, sec. 11. The defendant claims that final judgment, within the meaning of that statute, was rendered in the suit of *Whitford* v. *Main* at the date of its withdrawal, and not when judgment in fact was rendered therein. This construction of the statute is too narrow, for if it be correct, there never was a time when the plaintiff could have brought a suit on the bond. This shows that the right of action had not then accrued. In bringing such a suit he would have to allege and prove the amount of the judgment in the other suit. He could not do that, except by reference to and by the record of the Court of. Common Pleas, and there was no such record till judgment in fact was rendered; hence, by the defendant's construction of the statute, the plaintiff's right of action was barred before it was complete, and that too without any *laches* on his part. It is evident that the legislature never intended any such result, and it is familiar law that statutes of limitation do not commence to run till the plaintiff's right of action is so complete that he can maintain a suit thereon. The ruling of the court below was in harmony with the rulings of the courts of our sister states in their construction of similar statutes. *Allin* v. *Cook*, 1 Root, 54; *Sherman* v. *Wells*, 14

How. Pr. R., 522; *Champion* v. *Plymouth Congregational So.*, 42 Barb., 441; *Sherman* v. *Postley*, 45 id., 348; *Leavy* v. *Roberts*, 8 Abb. Pr. R., 310; *Jones* v. *Conoway*, 4 Yeates, 109; *Johnson* v. *Wren*, 3 Stew., 172; *Burr* v. *Engles*, 24 Ark., 283; *Banks* v. *Coyle*, 2 A. K. Marsh., 564; *Hardee* v. *Dunn*, 13 Louis. An., 602.

GRANGER, J.    This is a suit against a surety upon a recognizance for costs, and by statute (Gen. Statutes, p. 495, sec. 11,) such a suit must be brought "within one year after final judgment has been rendered in the suit in which such recognizance was given." The question made in the case is,. whether judgment was rendered in the suit in which this recognizance was given, on the second day of July, 1878, or on the fourteenth day of July, 1879. If rendered on the latter date the suit was brought within one year from the rendering of the judgment; if rendered on the former date the suit was brought after the expiration of the year, and the plaintiff can not recover.

It appears by the finding that the suit in which the recognizance was given was withdrawn by the plaintiff in the suit on the twenty-ninth day of the April term of the Court of Common Pleas in which it was pending, which was the 2d day of July, 1878. The term closed July 8th; the case did not appear on the docket after that date, no continuance was had, and the case was not brought forward. By statute (Gen. Statutes, p. 418, sec. 13,) a plaintiff has a right to withdraw his action at any time before the jury have rendered their verdict; in which case he must pay costs to the defendant, if the latter shall appear. A non-suit ends the case, and it can not be re-instated without notice to the other party or consent of both parties. A judgment of non-suit in such a case results from operation of law rather than from any action of the court. The court has no further jurisdiction over the parties or the action except for the purpose of taxing the costs, which is a mere incident, and may be done at any time at the convenience of the court. It is not in any proper sense a rendering of judgment, but a mere

fixing of the amount of costs, which are to be computed by rules established by statute, the act being largely clerical in its nature. Costs do not run after a withdrawal in term time, nor after notice to the defendant where the withdrawal is made, as it now may be, in vacation. If a suit is withdrawn in term time there is nothing in the statute making it necessary for the plaintiff to give the defendant notice; the presumption being that the defendant, having appeared in the case and therefore being in court, will take notice for himself of whatever takes place in court affecting his rights.

Upon these well settled principles it is clear that the judgment in this case must be regarded as rendered at the time of the withdrawal of the suit on the 2d day of July, 1878, and not on the 14th of July, 1879, when the costs were finally taxed.

But there is a ground which, it is claimed, and we think correctly, is fatal to all right of the defendant in the original suit to costs. The defendant did not enter for costs during the term at which the non-suit was entered, which was essential to his right to have a judgment for costs. *Richards v. Way*, Kirby, 269; *Bishop* v. *Pardee*, 35 Conn., 4.

There is error in the judgment, and it is reversed.

In this opinion the other judges concurred.